**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

## Opinion and Order
## and Minute Entry

### *Hearing Information:*

**Debtor**: ATLAS IT EXPORT CORP
**Case Number**: 11-07825-EAG7                              **Chapter:** 7
**Date / Time / Room**: 12/04/2012 1:30 PM
**Bankruptcy Judge**: EDWARD A. GODOY
**Courtroom Clerk**: YOLANDA DIAZ
**Reporter / ECR**: LORI ANNIE RODRIGUEZ

### *Matter:*

AMENDED MOTION FOR RELIEF FROM STAY UNDER §362 FILED BY PINPOINT IT SERVICES, LLC (#104)
DEBTOR'S ANSWER (#99)

### *Appearances:*

NOEMI LANDRAU
MARIA SOLEDAD LOZADA FIGUEROA
RAFAEL PEREZ BACHS

### *Proceedings:*

**Opinion and Order:**

Creditors can request relief from the automatic stay upon a showing of cause under section 362(d)(1) of the bankruptcy code. When a creditor seeks relief to permit litigation against debtor in another forum, the most important factor is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit. *In re Curtis*, 40 B.R. 795, at 806; Bkrtcy Utah, 1984.

Case law has established numerous factors which may determine whether cause has been established. *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir.1990) and in *In re Curtis,* 40 B.R. 795, 799–800 (Bankr.D.Utah 1984).

Among the non exhaustive list of factors which the court may consider in deciding whether there is cause to lift the stay are the following:

(1)     Whether the relief will result in resolution of the issues;
(2)     The lack of any interference with the bankruptcy case;
(3)     Judicial economy;
(4)     Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
(5)     Whether the litigation in another forum would prejudice the interests of other creditors;
(6)     The impact of the stay on the parties and the balance of harm.

Going back to the first reconsideration: The fact that whether the relief will result in resolution of the issues;

It is not necessary to lift the stay in the Virginia litigation because those issues are being actively litigated in the district court of Puerto Rico.

Second: The lack of any interference with the bankruptcy case;

The court finds that lifting the stay in the Virginia action would interfere with the bankruptcy case because as proffered by the trustee, the estate does not have counsel in Virginia and sufficient funds on hand to hire counsel to defend itself against Pinpoint's claim in Virginia or to prosecute its counterclaim in the Virginia litigation; which is the major asset of the estate.

Three: Judicial economy;

It is against judicial economy to lift the stay for the Virginia proceeding when there is a similar proceeding already going forward. The court has already lifted the stay with respect to the litigation in Puerto Rico.

Four: Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

The U.S. District Court for the Eastern District of Virginia has no more special expertise than the U.S. District Court of Puerto Rico to hear the controversy between Pinpoint and the Debtor.

Five: Whether the litigation in another forum would prejudice the interests of other creditors;

It would be prejudicial to allow the Eastern District of Virginia litigation to continue because the estate major asset is the claim against Pinpoint which is presently being litigated in the District Court of Puerto Rico. To open up the door to litigation in Virginia will exhaust the estate funds. The only possibility that other creditors will collect in this case is if Debtor is successful in its claim against Pinpoint.

Six: The impact of the stay on the parties and the balance of harm.

As the case stands now, Pinpoint has a proof of claim in the amount of $75,000.00 against the Debtor which has not been objected to by the trustee. That would not change if the court was to lift the stay on the Virginia litigation and Pinpoint were successful in that litigation. In that eventuality, the trustee would have no funds to make a distribution to general unsecured creditors in this case and thus not object to Pinpoint's proof of claim.

And Pinpoint would, in essence find itself in the same position it is now with a presumptively valid proof of claim which will not be objected to by the Trustee.

Although Atlas has cited in its legal memorandum numerous cases holding that under the first to file rule the court in which the litigation is first brought typically decides in which court the case should proceed, the first circuit in the case of Codex Corp. v. Milgo Electronic Corp. 553 F. 2d 735 (1977) has stated that "While the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound."

Given the particular circumstances of this case, judicial soundness calls for a denial of Pinpoint's motion to lift the stay. For the reasons just stated in open court , the court finds that Pinpoint has not met its burden to establish cause under section 362(d)(1) of the bankruptcy code. Pinpoint's motion is denied.

In San Juan, Puerto Rico, December 4th, 2012.

**/s/EDWARD A. GODOY**
**U.S. Bankruptcy Judge**